```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
UNITED STATES OF AMERICA,            :     09-CR-1142 (LAP)
                                     :
         v.                          :     MEMORANDUM AND ORDER
                                     :
ALFONSO PORTILLO,                    :
     Defendant                       :
                                     :
     and                             :
                                     :
OTILIA PADUA PORTILLO,               :
     Claimant-Third-Party-Petitioner.:
                                     :
----------------------------------------x
```

LORETTA A. PRESKA, Senior United States District Judge:

    Third-party-petitioner Otilia Padua Portillo (the "Petitioner") filed a Petition in Response to Forfeiture Order (the "Petition"), on May 31, 2016 [dkt. no. 91], pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2, to adjudicate her interest in property subject to a preliminary forfeiture order of this Court. (See Consent Prelim. Order Forfeiture (the "Forfeiture Order"), Dec. 1, 2015 [dkt. no. 90].)  The United States obtained the Forfeiture Order against Defendant Alfonso Portillo (the "Defendant") in connection with his guilty plea to one count of conspiracy to commit money laundering. (See Judgment, June 11, 2014 [dkt. no. 89]; Forfeiture Order [dkt. no. 90].)

    Following the close of discovery in this ancillary proceeding, the Government moved for summary judgment against

Petitioner. (See Notice Mot. (the "Motion"), Nov. 17, 2017 [dkt. no. 109].)

I.  Factual Background

On December 1, 2009, the Government secured an indictment against the Defendant for one count of money laundering in violation of 18 U.S.C. § 1956(a)(2)(B)(1). (Indictment, Dec. 1, 2009 [dkt. no. 2], 1 ¶ 1, 10 ¶ 16.)  The indictment charged the Defendant with laundering funds, including through bank accounts at Banco Bilbao Vizcaya Argentina ("BBVA") in France, UBS in Luxembourg, and Banco Audi Suisse S.A. ("Bank Audi") in Switzerland (collectively, the "Target Accounts"). (See Government's Statement Undisputed Facts (the "SUF"), Nov. 17, 2017 [dkt. no. 111], 2 ¶ 2; Pet'r's Resp. Government's Statement Undisputed Facts (the "Pet'r's Resp. SUF"), Dec. 26, 2017 [dkt. no. 117], 1 ¶ 2.)

On August 9, 2012, the Government filed a bill of particulars providing notice that specific funds in the Target Accounts were subject to forfeiture. (Government's Bill of Particulars, Aug. 9, 2012 [dkt. no. 17]; SUF at 2-3 ¶ 3; Pet'r's Resp. SUF at 1 ¶ 3.)  These funds included:

   (a)  Approximately €491,254.90 in Euros formerly on deposit [at BBVA];

   (b)  Any and all funds in the name of "Excell Life International S.A. Invest Dedie Police 50100118," currently or formerly held on deposit at any time between January 14, 2000 and the present in . . . UBS

>> Luxembourg, including but not limited to the following:
>
>> (1) €903,150.67 in Euros formerly on deposit [at] UBS Luxembourg . . . and LU 87 07099040 3100 OGBP, in the name of "Excell Life International S.A. Invest Dedie Police 50100118" and currently being held at Banque & Caisse D'Epargne De L'Etat in Luxembourg;
>
>> (2) $10,831.55 in United States Dollars formerly on deposit in UBS Luxembourg account numbers LU 87 07099040 3100 OEUR; LU 87 07099040 3100 OUSD; and LU 87 07099040 3100 OGBP, in the name of "Excell Life International S .A. Invest Dedie Police 50100118" and currently being held at Banque & Caisse D'Epargne De L'Etat in Luxembourg;
>
> (c) Any and all funds or bonds/investments currently or formerly on deposit at any time between January 14, 2000 and the present in Banque Audi (Suisse SA) account numbers 049345/001.000.978 and 684500/001.000.978.[1]

(Government's Bill of Particulars.)  This Court entered a restraining order in connection with the Specific Property on the same day. (Post-Indictment Restraining Order Pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853, Aug. 9, 2012 [dkt. no. 18].)

On March 18, 2014, the Defendant pleaded guilty to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). (Judgment, [dkt. no. 89], 1.)  On May 22, 2014, this Court entered a money judgment in the amount of $2.5 million as part of sentencing. (Consent Prelim. Order Forfeiture/Money J., May 22, 2014 [dkt. no. 85]; SUF at 2 ¶ 2; Pet'r's Resp. SUF at 1

---

[1] Collectively, the "Specific Property."

3

¶ 2.) On December 1, 2015, this Court ordered the forfeiture of the Specific Property as money involved in money laundering, subject to the adjudication of any potential third-party claims pursuant to 21 U.S.C. § 853 and Federal Rules of Criminal Procedure 32.2(b)(3) and 32.2(b)(6). (Forfeiture Order [dkt. no. 90].)

On May 19, 2016, following the conclusion of the underlying criminal case and the Court's Forfeiture Order, Petitioner filed a Petition pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c)(2) claiming a superior interest in the Specific Property via inheritance from her mother, Defendant's former wife, Maria Eugenia Padua Gonzalez ("Ms. Gonzalez"). (Petition [dkt. no. 91].)

Petitioner and Defendant affirmed that Ms. Gonzalez either opened the accounts holding the Specific Property, was the named owner of those accounts, or otherwise exercised control over those accounts. (Tr. Proceedings Alfonso Portillo re: Plea held 3/18/14 Judge Robert P. Patterson ("Plea Proceeding"), dated Apr. 16, 2014 [dkt. no. 77], 18:5-26:3; Exhibit 6 to Declaration of AUSA Daniel Tracer in Support of Motion for Summary Judgment ("Petitioner's Deposition"), dated Nov. 17, 2017 [dkt. no. 110-6] 48-39, 167-68, 172, 193, 196.)

Ms. Gonzalez prepared a will on January 24, 2001, in which she named Petitioner as her sole heir. (SUF at 5 ¶ 13; Pet'r's

4

Resp. SUF at 2 ¶ 13.)  On May 18, 2010, Ms. Gonzalez died, and her will naming Defendant as sole heir was accepted. (Exhibit 5 to Declaration of AUSA Daniel Tracer in Support of Motion for Summary Judgment ("Tracer Decl. Ex. 5"), dated Nov. 17, 2017 [dkt. no. 110-5]; SUF at 5 ¶ 14; Pet'r's Resp. SUF at 2 ¶ 14.) Upon Ms. Gonzalez's death, any and all assets she owned were bequeathed to Petitioner. (SUF at 5 ¶ 15; Pet'r's Resp. SUF at 2 ¶ 15.)

II.  Procedural History

Petitioner filed the instant petition on May 19, 2016. (Petition [dkt. no. 91].)

The Government moved for summary judgment on November 17, 2017.  (Dkt. nos. 109-112.)  Petitioner opposed the motion on December 26, 2017.  (Dkt. nos. 115-117.)  On January 4, 2018, the Government filed a reply in support of its motion.  (Dkt. no. 119.)  On March 27, 2019, the Court heard oral arguments.

On April 17, 2019, the Court entered a memorandum and order partially resolving the Government's motion for summary judgment.  United States v. Portillo, No. 09-cr-1142, 2019 WL 1949861 (S.D.N.Y. Apr. 17, 2019).  The Court held that 21 U.S.C. § 853(n)(6)(A) "establishes two ways that a petition can demonstrate a legal claim":  by establishing that petitioner's right, title, or interest (1) "was vested in the petitioner rather than the defendant" or (2) "was superior to any right,

title or interest . . . at the time of the commission of the acts which gave rise to the forfeiture of the property." Id. at *4.  As to the second prong, the Court held that

> the superior interest does not have to be held by the petitioner at the time of the commission of the acts giving rise to the forfeiture.  Rather, a valid interest may be held by anyone at the time and then acquired by the petitioner consistent with state law.  A petitioner must be able to demonstrate a superior interest by showing that he or she has a current legal interest in the property and that the interest existed at the time of the commission of the crime.

Id. at *5.  Thus, "the question is whether Ms. Gonzalez had a legal interest in the property at the time of the commission of the acts", which interest "Petitioner acquired thereafter consistent with state law."  Id.  More specifically, "the inquiry here is whether Ms. Gonzalez had an interest in the Specific Property that existed at the time of the commission of the acts giving rise to the forfeiture."  Id.

Because these questions depend on the applicable law of the relevant jurisdictions, the Court requested that the parties brief "the question of whether Ms. Gonzalez had an interest in the Specific Property, taking into account the multiple jurisdictions involved."  Id.

Petitioner filed a supplemental letter brief addressing this question on October 4, 2019.  (Pet'r's Letter [dkt. no. 149].)  The Government responded on January 31, 2020.

6

(Government's Opposition [dkt. no. 151].)  Petitioner filed her reply on April 27, 2020.  (Pet'r's Reply [dkt. no. 162].)

III. <u>Legal Standard</u>

    A.   Criminal Forfeiture

After the court enters a preliminary forfeiture order, a third party can petition the court to modify the forfeiture order before finalizing it by asserting a legal interest in the property. 21 U.S.C. 853(n)(6)(A); <u>United States v. Watts</u>, 786 F.3d 152, 160 (2d Cir. 2015).  To succeed, the petitioner must demonstrate a legal interest in the property that grants him or her standing and "entitlement to relief on the merits by establishing, through a preponderance of the evidence, [a] superior claim[] to the property under § 853(n)(6)." <u>Watts</u>, 786 F.3d at 160 (citing 21 U.S.C. § 853(n)(6); <u>Pacheco v. Serendensky</u>, 393 F.3d 348, 351 (2d Cir. 2004)).  Asserting a superior claim to the property under § 853(n)(6) is the only method by which a third party can challenge the forfeitability of property that was forfeited because it was involved in the commission of a criminal act. <u>Watts</u>, 786 F.3d at 175.

Under § 853(n)(6)(A) the petitioner must demonstrate

> a legal right, title, or interest in the property, . . . [that] was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property.

7

21 U.S.C. § 853(n)(6)(A). When a petitioner asserts such a superior claim, he or she must do so pursuant to one of the two prongs of § 853(n)(6)(A). Watts, 786 F.3d at 160.

In demonstrating a superior interest under the second prong,

> the superior interest does not have to be held by the petitioner at the time of the commission of the acts giving rise to the forfeiture. Rather, a valid interest may be held by anyone at the time and then acquired by the petitioner consistent with state law. A petitioner must be able to demonstrate a superior interest by showing that he or she has a current legal interest in the property and that the interest existed at the time of the commission of the crime.

(Dkt. no. 130 at 12.)

    B.    Summary Judgment

"The procedures governing ancillary proceedings under § 853(n) are further elaborated in Rule 32.2(c) of the Federal Rules of Criminal Procedure." Watts, 786 F.3d at 161 (citing Willis, 652 F.3d at 241). Rule 32.2(c) provides that "the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true." Fed. R. Crim. Proc. R. 32.2(c)(1)(A). Rule 32.2 also permits a party, "[w]hen discovery ends," to "move for summary judgment under Federal Rule of Civil Procedure 56." Fed. R. Crim. Proc. R. 32.2(c)(1)(B).

A moving party is entitled to summary judgment as a matter of law when "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material "when it might affect the outcome of the suit under the governing law." Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir. 2005) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir. 2005) ("An issue of fact is genuine if the evidence is such that a reasonable finder of fact could return a verdict for the nonmoving party."(internal citations and quotations omitted)). In determining whether summary judgment is appropriate, the Court must draw all inferences in favor of the non-moving party. United States v. Collado, 348 F.3d 323, 327 (2d Cir. 2003).

The moving party has the burden of proving that no genuine issue of material fact exists. See Grady v. Affiliated Central, Inc., 130 F.3d 553, 559 (2d Cir. 1997). When "there is any evidence" on an issue on which summary judgment is sought "from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 37 (2d Cir. 1994).

IV.  Discussion

The question before the Court is "whether Ms. Gonzalez had a legal interest in the property at the time of the commission of the acts", which interest "Petitioner acquired thereafter consistent with state law."  Portillo, 0219 WL 1949861, at *5. Petitioner and the Government agree that the law in France, Luxembourg, and Switzerland establishes "a rebuttable presumption of ownership . . . in favor of the individual or entity in whose name a bank account is held," i.e., the "individual or entity who appears as nominal or beneficial owner of an account."  (Pet'r's Reply; see Pet'r's Letter.)

Based on the record evidence and the parties' briefing, it appears to be undisputed that Ms. Gonzalez and/or Petitioner may be presumed to be the nominal or beneficial owner of the Target Property at the time of the commission of the acts.  (See Plea Proceeding at 18:5-26:3; Petitioner's Deposition at 48-49, 167-68, 172, 193, 196; Declaration of Benjamin Borsodi, dated September 18, 2019 [dkt. no. 151-2]; Declaration of Jean-Merc Bercin, dated October 4, 2019 [dkt. no. 151-3]; see also Government's Letter Brief, dated January 31, 2020 [dkt. no. 151] at 1 (conceding that "Ms. Gonzalez may have been the nominal or beneficial owner of the Target Accounts").

The Government nevertheless argues that it has rebutted the presumption of ownership because "the summary judgment record

10

overwhelmingly supports the inference" that the Target Property "originated with Portillo, and the Petitioner has presented no evidence that connects the funds in the Target Accounts to legitimate, family money." (Government's Opposition [dkt. no. 151] at 4.)  In response, Petitioner cites to her deposition testimony, in which she testified that that her mother, Ms. Gonzalez, inherited legitimate funds from her grandfather's businesses before his death, at least some of which were deposited into Mexican bank accounts, and that she personally accompanied her mother to deposit funds in Mexico to be transferred to the BBVA account.  (See, e.g., Deposition of Petitioner, dated September 15, 2017 [dkt. no. 110-6] at 37-39, 54-56, 67-68, 71, 74, 78-84, 98, 116.)  Petitioner also notes that despite the Government's thorough investigations, only a portion of the assets in the Target Accounts are directly traceable to Mr. Portillo's money laundering activities, which leaves open the possibility that at least some of the funds came from legitimate sources, as Petitioner maintains occurred here. (Pet'r's Reply at 3.)  Based on this record, the Court concludes that Ms. Gonzalez and/or Petitioner are presumed to be the beneficial owners of the Target Property at the time of Mr. Portillo's commission of the acts, and the Government has not rebutted that presumption.  Construing the facts in the light

11

most favorable to Petitioner, there are disputed issues of material fact that are best left to resolution at trial.[2]

For the foregoing reasons, the Government's motion for summary judgment is DENIED.

The parties shall confer and jointly submit a proposed pre-trial scheduling order no later than March 18, 2022.

**SO ORDERED.**

Dated:    March 3, 2022
         New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge

---

[2] The Court thus declines Petitioner's invitation to grant summary judgment to Petitioner sua sponte.