UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
      UNITED STATES OF AMERICA

                -v.-

      ALFONSO PORTILLO,

              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**FINAL ORDER OF FORFEITURE**

09 Cr. 1142 (LAP)

      WHEREAS, on or about December 1, 2009, ALFONSO PORTILLO (the "Defendant") was charged in a one-count indictment, 09 Cr. 1142 (LAP) with money laundering conspiracy in violation of Title 18, United States Code, Section 1956 (the "Indictment") (D.E. 2);

      WHEREAS, as part of the offense conduct, the Indictment alleged that the Defendant, abusing his position as President of Guatemala, had embezzled and diverted funds into certain target accounts for his own use, including the following transfers into an account at Banco Bilboa Vizcaya Argentaria in Paris held by the Defendant's former wife Maria Padua-Gonzalez and their daughter Otilia Portillo Padua:

      $516,462.24 in United States currency on or about May 9, 2002;

      $300,000.00 in United States currency on or about September 30, 2002;

      $322,430.64 in United States currency on November 26, 2002; and

      <u>$996,676.00 in United States currency</u> on March 24, 2003,

(together totaling $2,135,568.88 in United States currency, the "Indictment Funds") *See* Indictment at ¶¶ 5, 8 and 18(e);

      WHEREAS, the Indictment also alleged that the Defendant directed subsequent piecemeal transfers of the Indictment Funds to accounts at UBS Luxembourg and Banque Audi

(Suisse SA) as part of the ongoing money laundering conspiracy and in an effort to conceal the source of the Indictment Funds;

WHEREAS, the Indictment included a forfeiture allegation seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982, of all property, real and personal, involved in the money laundering offense charged in the Indictment and all property traceable to such property, which included the Indictment Funds and all property traceable to the Indictment Funds;

WHEREAS, on or about August 9, 2012, the Government filed a Forfeiture Bill of Particulars providing notice that the following assets were subject to forfeiture to the United States (D.E. 17):

a. Approximately €491,254.90 in Euros formerly on deposit in account numbers:
948083 USD 252021011 (Retail: 1112820160);
948083 EUR 252021011 (Retail: 1112820160);
948083 USD 272001001; and
948083 EUR 272001011 at Banco Bilboa Vizcaya Argentaria in Paris, France and currently held by the Chief High Court of Paris, France in the Caisse des Dépôts et Consignations, 15 Quai Anatole France, 75007, Paris;

b. Any and all funds in the name of "Excell Life International S.A. Invest Dedie Police 50100118" currently or formerly held on deposit at any time between January 14, 2000 and the present in account numbers:
LU 87 07099040 3100 OEUR;
LU 87 07099040 3100 OUSD; and
LU 87 07099040 3100 OGBP at UBS Luxembourg, including but not limited to the following:

  i. €903,150.67 in Euros formerly on deposit in UBS Luxembourg account numbers:
  LU 87 07099040 3100 OEUR;
  LU 87 07099040 3100 OUSD; and
  LU 87 07099040 3100 OGBP, in the name of "Excell Life International S.A. Invest Dedie Police 50100118" and

        currently being held at Banque et Caisse d'Epargne de l'État in Luxembourg;

    ii. $10,831.55 in United States Dollars formerly on deposit in UBS Luxembourg account numbers:
LU 87 07099040 3100 OEUR;
LU 87 07099040 3100 OUSD; and
LU 87 07099040 3100 OGBP, in the name of "Excell Life International S.A. Invest Dedie Police 50100118" and currently being held at Banque et Caisse d'Epargne de l'État in Luxembourg; and

c. Any and all funds or bonds/investments currently or formerly on deposit at any time between January 14, 2000 and the present in Banque Audi (Suisse SA) account numbers 049345/001.000.978 and 684500/001.000.978

(a. through c. collectively, the "Specific Property").

WHEREAS, on or about August 9, 2012, the Court issued a Post-Indictment Restraining Order pursuant to Title 18, United States Code, Section 982, for restraint of the Specific Property (D.E. 18);

WHEREAS, on or about March 18, 2014, the Defendant pled guilty to the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to the money laundering conspiracy and agreed to forfeit a sum of money equal to $2,500,000 in United States currency, representing all property, real and personal, involved in the money laundering offense charged in the Indictment;

WHEREAS, on or about May 22, 2014, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment entering a forfeiture money judgment with respect to the Defendant in the amount of $2,500,000 in United States currency (the "Money Judgment") (D.E. 85);

WHEREAS, on or about December 1, 2015, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property (the "Preliminary Order of Forfeiture") (D.E. 90) with respect to the Defendant, forfeiting to the United States all right, title and interest of the Defendant in the Specific Property;

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on March 18, 2016, for thirty (30) consecutive days, through April 16, 2016 pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on August 8, 2024 (D.E. 186);

WHEREAS, on or about May 31, 2016, third party petitioner Otilia Portillo Padua (the "Petitioner") filed a Petition and Request for Ancillary Hearing with the Court claiming an interest in the Specific Property (the "Petition") (D.E. 91).

WHEREAS, the Defendant and the Petitioner are the only persons and/or entities known by the Government to have a potential interest the Specific Property; and

WHEREAS, on or about July 31, 2024, after conducting an ancillary proceeding pursuant to Rule 32.2(c) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(n), the Court issued an Opinion and Order granting Petitioner's Petition and finding that the United States is entitled to forfeiture of the Indictment Funds, specifically only $2,135,568.88 in United States currency to be taken from the Specific Property as proceeds directly traceable to Defendant's money laundering offense (the "Forfeiture Funds");

WHEREAS, the July Order further directed the United States and Petitioner to submit jointly a Final Order of Forfeiture for the Court's consideration by August 12, 2024;

WHEREAS, the Government and Petitioner have conferred and hereby agree on the content of this Final Order of Forfeiture; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to the Forfeiture Funds,

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Forfeiture Funds is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7), the United States of America shall and is hereby deemed to have clear title to the Forfeiture Funds.

3.   The United States Marshals Service (or its designee) shall take possession of the Forfeiture Funds and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

4.   The Parties may seek amendment of this Final Order of Forfeiture by the Court if any foreign jurisdiction holding any portion of the Forfeiture Funds requires that the Court specify the specific portion of the Forfeiture Funds to be remitted by that jurisdiction in order to comply with this Final Order of Forfeiture.

5.   The Court shall retain jurisdiction to enforce this Final Order of Forfeiture.

Dated:  New York, New York
        August 9, 2024

                        SO ORDERED:

                        _____
                        HONORABLE LORETTA A. PRESKA
                        SENIOR UNITED STATES DISTRICT JUDGE